COURT OF CHANCERY
OF THE
STATE OF DELAWARE

SAM GLASSCOCK III
VICE CHANCELLOR

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DELAWARE 19947

Date Submitted: September 12, 2016
Date Decided: September 21, 2016

Garrett B. Moritz, Esquire
Eric D. Selden, Esquire
Nicholas D. Mozal, Esquire
Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, DE 19801

Kevin R. Shannon, Esquire
Matthew J. O'Toole, Esquire
T. Brad Davey, Esquire
Matthew F. Davis, Esquire
J. Matthew Belger, Esquire
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19899

Re: *Chrome Systems, Inc. v. Autodata Solutions, Inc., et al.*,
Civil Action No. 11808-VCG

Dear Counsel:

This case involves the Plaintiff's allegations that the Defendants improperly dissolved a joint venture of the parties. By bench ruling of March 10, 2016, I found that the parties had contractually agreed to send all such disputes, including disputes as to arbitrability, to arbitration. The parties contractually retained a carve-out to seek preliminary injunctive relief in this Court. Accordingly, I stayed the substantive claims, but entered injunctive relief to preserve the potential remedy of rescission. I retained jurisdiction in case the arbitrator found some or all issues non-arbitrable.

The parties subsequently moved to an expedited arbitration. The remaining issue before me (in addition to my retention of jurisdiction in case the matter proves

non-arbitrable) involves the Plaintiff's allegations that the Defendants have spoliated evidence and obstructed justice in this case. Because spoliation inhibits the search for truth and the administration of justice, it is anathema to our courts; accordingly, allegations of spoliation are taken seriously. There are, to my mind, two components involved in the appropriate resolution of claims of spoliation: minimizing its effect on the administration of justice, which may require shifting burdens of proof or excluding submissions of evidence by the spoliator to prevent prejudice to the non-spoliating party; and use of the contempt power to vindicate the integrity of the Court and the interest of the public in the preservation and presentation of evidence, in the interest of justice. The former, necessarily here, will be a matter for the arbitrator; the latter, for this Court.

The Plaintiff asked this Court to hold a hearing on, and use the contempt power to redress, the Defendants' alleged spoliation here. In order to efficiently bifurcate the two interests I have described above, I determined, by bench ruling on March 10, 2016 in the exercise of my discretion, to hear only that evidence of spoliation or litigation misconduct occurring after the litigation was filed, which has the potential to have worked a fraud on the Court; other evidence of misconduct should be presented to the arbitrator, who will be able to avoid prejudice to the Plaintiff resulting from any spoliation by the Defendants.

Following that bench ruling, the parties proceeded with arbitration. Arbitration, including of the spoliation issues, is going forward on an expedited basis. I scheduled a hearing on those allegations of spoliation pertinent here for August 31, 2016. Shortly before that, the parties indicated to me that they did not agree on what evidence would be submitted at that hearing. The Plaintiff intended, despite my bench ruling of March 10, 2016, to put on evidence of *all* instances of spoliation, pre- and post-filing. After argument, I again ruled, on August 29, 2016, that I would hear only evidence of post-filing spoliation, in order to avoid redundant consideration, and perhaps inconsistent findings and remedies, with the arbitrator. Shortly after this ruling, the Plaintiff asked me to cancel the hearing and instead pursued this interlocutory appeal. Before me is the Plaintiff's request to certify that appeal; for the reasons that follow, certification is inappropriate.

As Supreme Court Rule 42 makes clear, interlocutory appeal is an extraordinary remedy, which "should be exceptional, not routine, because [such appeals] disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[1] Before certifying an appeal, I must determine that an interlocutory appeal would bring "substantial benefits that will outweigh the certain costs that accompany" such an appeal.[2] In evaluating that

---

[1] Supr. Ct. R. 42(b)(ii).
[2] Supr. Ct. R. 42(b)(ii).

balance I must apply the eight factors set out at Supreme Court Rule 42(b)(iii).[3]  The

Plaintiff refers to two of these eight factors in their request for certification, arguing

that the matter is a question of first impression, that is, that "the interlocutory order

involved a question of law resolved for the first time in this State,"[4] and that review

of my ruling will serve "considerations of justice."[5]  The Plaintiff arrives at the first

conclusion by regarding it as a matter of first impression whether spoliation

contractually referred to an arbitrator should nonetheless be reviewed redundantly

by this Court in its vindication of the interests of justice.  The same consideration,

according to the Plaintiff, implicates the second factor the Plaintiff cites, that

interlocutory appeal may serve considerations of justice.

It appears to me, however, that the consideration here is one of a trial judge's

discretion over his docket.  In other words, the Plaintiff sought an expedited hearing

on spoliation.  I agreed to hear arguments on spoliation insofar as they involve the

---

[3] *See* Supr. Ct. R. 42(b)(iii) (listing the eight factors: "(A) The interlocutory order involves a question of law resolved for the first time in this State; (B) The decisions of the trial courts are conflicting upon the question of law; (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order; (D) The interlocutory order has sustained the controverted jurisdiction of the trial court; (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;  (F) The interlocutory order has vacated or opened a judgment of the trial court;  (G) Review of the interlocutory order may terminate the litigation; or (H) Review of the interlocutory order may serve considerations of justice.").
[4] Supr. Ct. R. 42(b)(iii)(A).
[5] Supr. Ct. R. 42(b)(iii)(H).

actions of the Defendants alleged to have traduced the interests of the Court, and the public interest in justice. I declined to hear allegations of spoliation which necessarily must be reviewed by the arbitrator in arriving at a remedy for any detriment to the Plaintiff worked thereby. I retained jurisdiction for those issues which the arbitrator may find non-arbitrable, which may involve issues of spoliation. The Plaintiff's appeal simply seeks to broaden the scope of my contempt hearing, formerly scheduled for August 31, 2016. The only efficiency of such an interlocutory appeal is that it would save a second hearing on pre-filing spoliation if the appeal is successful and I am directed on remand to hear allegations of both pre-and-post filing spoliation. Even this minor efficiency will prove illusory, if, for instance, the arbitrator finds these issues non-arbitrable. In any event, the minor potential for efficiency gains here falls far short of the "substantial benefits" which would favor interlocutory appeal. In other words, the Plaintiff may request a rescheduled post-filing spoliation hearing, receive its expedited arbitration decision, and then with the matter final, take an appeal of all appealable issues, including whether this Court must address pre-filing spoliation under the circumstances here.[6] Such a procedure is not inimical to considerations of justice, and an interlocutory

---

[6] Because in any event I must deny certification, I have not addressed whether, in light of the fact that the arbitrator will presumably address issues of prejudice to the Plaintiff of any spoliation, the Plaintiff has standing to appeal the scope of a separate hearing on the effect of spoliation held solely to vindicate the interests of the Court and the Public.

appeal is not certifiable under Supreme Court Rule 42.  An appropriate form of order follows.

Sincerely,

*/s/ Sam Glasscock III*

Sam Glasscock III

IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHROME SYSTEMS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11808-VCG |
| | ) | |
| AUTODATA SOLUTIONS, INC., | ) | |
| AUTODATA SOLUTIONS COMPANY, | ) | |
| AUTODATA, INC., INTERNET | ) | |
| BRANDS, INC., ROBERT N. BRISCO, | ) | |
| SCOTT A FRIEDMAN, and B. LYNN | ) | |
| WALSH, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| And | ) | |
| | ) | |
| CHROME DATA OPERATING, LLC, | ) | |
| CHROME DATA SOLUTIONS, LP, and | ) | |
| AUTOCHROME COMPANY, | ) | |
| | ) | |
| Nominal Defendants. | ) | |

<u>ORDER DENYING LEAVE TO APPEAL FROM INTERLOCUTORY ORDER</u>

This 21st day of September, 2016, the Plaintiff having made application under

Rule 42 of the Supreme Court for an order certifying an appeal from the

interlocutory orders of this Court, dated March 10, 2016 and August 29, 2016; and

the Court having found that such orders do not satisfy the criteria of Rule

42(b)(iii);

7

IT IS ORDERED that certification to the Supreme Court of the State of

Delaware for disposition in accordance with Rule 42 of that Court is DENIED.


Dated: September 21, 2016          \_\_/s/Sam Glasscock III_____

                                                Sam Glasscock III, Vice Chancellor